FILED
U.S. District Court
District of Kansas
10/09/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MALIK W. DORSEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3343-JWL**

**KAIDEN MATTHEW BUNGER, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

This is a pro se civil action pursuant to 42 U.S.C. § 1983 filed by Plaintiff and state pretrial detainee Malik W. Dorsey, who is currently incarcerated at the Saline County Jail ("SCJ") in Salina, Kansas. (Doc. 1.) Plaintiff has been granted leave to proceed in forma pauperis. (Doc. 3.) This matter comes now before the Court on Plaintiff's amended complaint (Doc. 5), received on October 7, 2026. For the reasons set forth below, the Court will dismiss Count I of the amended complaint. The Court finds that Count II of the amended complaint cannot be processed without additional information, which the Court will direct the appropriate officials to provide.

**I. Procedural History**

On September 14, 2026, Plaintiff filed the complaint that began this case. (Doc. 1.) Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court was required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The screening revealed deficiencies that left the complaint subject to dismissal in its entirety; specifically, the complaint did not contain sufficient facts to state a plausible claim for relief and it contained improperly joined claims and parties. In

addition, the Court lacks legal authority to grant some of the relief Plaintiff sought in the complaint. (*See* Doc. 4-1, p. 1-10.)

Thus, on September 28, 2026, the Court issued a memorandum and order ("M&O") identifying the deficiencies and granting Plaintiff time to file a complete and proper amended complaint that cured them. *See id.* at 1-12. The M&O explained to Plaintiff that his amended complaint must be filed on the required form and would not supplement the original complaint, it would completely replace it. *Id.* Therefore, Plaintiff needed to ensure that the amended complaint contained all allegations and claims he wished to pursue in this case. *Id.* On October 7, 2026, the Court received Plaintiff's timely amended complaint, submitted on the required form. (Doc. 5.)

## II. The Amended Complaint (Doc. 5)

Like the initial complaint, the amended complaint names as Defendants SCJ Corporal Benjamin MacManigal and SCJ Officer Kaiden Matthew Bunger. (Doc. 5, p. 1-2.) As Count I of the amended complaint, Plaintiff asserts that Defendant MacManigal violated Plaintiff's First Amendment right to free exercise of his religion. *Id.* at 3. As supporting facts for Count I, Plaintiff alleges that on April 20, 2026, he submitted a grievance through the kiosk asking for a Bible. *Id.* at 6. On the morning of April 26, 2026, Defendant MacManigal responded through the kiosk: "[W]e are not giving you a Bible." *Id.* at 3. Plaintiff asserts that this response "placed a burden on [his] back." *Id.* at 6.

As Count II of the amended complaint, Plaintiff asserts that Defendant Bunger violated his Fourteenth Amendment rights by using excessive force. *Id.* at 3. As supporting facts for Count II, Plaintiff alleges that on the morning of April 26, 2026, Defendant Bunger came into cell Y-20 at the SCJ and forced Plaintiff's head into the ground for no reason. *Id.* at 3, 7. Plaintiff states that he was not moving or resisting when this happened. *Id.* at 7. He further states that the use of force

knocked him unconscious and caused his nose to bleed. *Id.* As relief in the amended complaint, Plaintiff seeks $400,000,000.00. *Id.* at 5.

## IV. Analysis

The Court is required by statute to screen Plaintiff's amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The applicable screening standards are set forth in detail in the previous M&O and will not be repeated in full here. (*See* Doc. 4-1, p. 2-4.) First, to the extent that Plaintiff asserts a First Amendment claim in Count I of the amended complaint, he has failed to state a claim for relief.

Plaintiff also brought a First Amendment Claim against Defendant MacManigal in his initial complaint asserting only that on April 25, 2026, Defendant MacManigal "refused [Plaintiff his] right to practice [his] religious beliefs by telling [Plaintiff] we are not giving you a Bible over smart communications." (Doc. 1, p. 3.) As to this claim, the M&O explained:

> "Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). In order to state a plausible claim that the constitutional right to free exercise of religion was denied, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs." *Id.* In addition, he "must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983." *Id.* at 1070.
>
> Plaintiff's failure to allege specific facts is fatal to his First Amendment claim in Count II [of the initial complaint]. Even liberally construing the pro se complaint, Plaintiff does not explain *how* Defendant MacManigal "telling [Plaintiff] we are not giving you a Bible over smart communications [*sic*]" substantially burdened Plaintiff's sincerely-held religious beliefs. (*See* Doc. 1, p. 3.) Thus, Plaintiff has failed to state a plausible free exercise claim under the First Amendment.

(Doc. 4-1, p. 6.)

Although the amended complaint provides additional facts about the events involving Defendant MacManigal, it still fails to allege facts that, if true, state a plausible claim that Defendant MacManigal violated Plaintiff's First Amendment rights. Plaintiff does not provide specific details on how the refusal substantially burdened his sincerely held religious beliefs; he simply states it "placed a burden on [his] back." As explained in the M&O, "a pro se litigant's 'conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.' *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)." (Doc. 4-1, p. 3.) Accordingly, Count I of the amended complaint will be dismissed for failure to state a plausible claim for relief. This means that Defendant MacManigal will be dismissed from this case, since Count I of the amended complaint is the only count brought against him.

Turning to Count II, which brings an excessive force claim against Defendant Bunger, the Court finds that proper processing of Count II cannot be achieved without additional information from appropriate officials of the Saline County Jail. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the Saline County Jail to prepare and file a *Martinez* report regarding Plaintiff's excessive force claim in Count II of the amended complaint. Once the report has been received, the Court can properly screen Plaintiff's remaining claim under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Count I of the amended complaint and Defendant MacManigal are **dismissed without prejudice** for failure to state a claim on which relief could be granted.

**IT IS FURTHER ORDERED** that:

(1) The SCJ officials shall submit the *Martinez* Report on or before **November 20, 2026.** Upon the filing of that Report, the Court will screen Count II of Plaintiff's

amended complaint. If Count II of the amended complaint survives screening, the Court will enter a separate order serving Defendant and setting an answer deadline.

(2) Officials responsible for the operation of the SCJ are directed to undertake a review of the subject matter of Count II of the amended complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the claim; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this claim and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the SCJ officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The SCJ officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included. The SCJ officials shall redact and/or mute audio for any personal identifiers included in any video or recording submitted.

(5) Authorization is granted to the SCJ officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No motion or other document addressed to the amended complaint shall be filed until the Court has reviewed the *Martinez* Report and entered an order screening the remaining claim in the amended complaint.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the amended complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter Saline County Sheriff Roger Soldan as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Saline County Sheriff may move for termination from this action. Copies of this order shall be transmitted to Plaintiff, Defendant, Sheriff Soldan, and the County Attorney for Saline County.

**IT IS SO ORDERED.**

DATED: This 9th day of October, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge